## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 4:14-cv-00265-ALM |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** defendant Midland Credit Management, Inc. ("Midland"), by and through its undersigned counsel, specifically reserving its right to seek arbitration of plaintiff's claims pursuant to 9 U.S.C. § 1 *et seq.*, and for its Answer to the First Amended Complaint of plaintiff David E. Mack ("Plaintiff"), states as follows:

## JURISDICTION

1.      In response to Paragraph 1 of Plaintiff's Complaint, Midland admits that the statutes referenced therein confer jurisdiction but denies that jurisdiction is appropriate as to Midland because it has not violated any law.

2.      The allegations set forth in Paragraph 2 call for a legal conclusion and, therefore, no response is required.  To the extent the allegations of Paragraph 2 do not contain a legal conclusion, Midland denies the allegations set forth in Paragraph 2 and demands strict proof thereof.

## PARTIES

3.     Midland has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 3 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

4.     Midland admits that it is a foreign corporation with its principal place of business in San Diego, California.  Except as expressly admitted herein, Midland denies the allegations set forth in Paragraph 4 of Plaintiff's Complaint and demands strict proof thereof.

## VENUE

5.     Midland has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 5 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

6.     Upon information and belief, Midland admits that venue is proper in this Court and denies all remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

## GENERAL ALLEGATIONS

7.     Midland has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 7 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

8.     Midland denies the allegations set forth in Paragraph 8 and demands strict proof thereof.

9.     Midland denies the allegations set forth in Paragraph 9 and demands strict proof thereof.

10.     Midland denies the allegations set forth in Paragraph 10 and demands strict proof thereof.

11.     Midland denies the allegations set forth in Paragraph 11 and demands strict proof thereof.

12.     Midland has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 12 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

13.     Midland denies the allegations set forth in Paragraph 13 and demands strict proof thereof.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 AND THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692d BY MIDLAND CREDIT MANAGEMENT, INC.

14.     Midland adopts and realleges each and every response in this answer as if fully set out herein.

15.     In response to Paragraph 15 of Plaintiff's Complaint, Midland admits that Plaintiff purports to allege violations of 47 U.S.C. § 227(b)(1)(A)(iii)/Texas Business Code Ann. § 305.053 and 15 U.S.C. § 1692k(d), but denies that it violated any law.

16.     Midland denies the allegations set forth in Paragraph 16 and demands strict proof thereof.

## COUNT I

## VIOLATIONS OF THE FDCPA

17.     Midland adopts and realleges each and every response in this answer as if fully set out herein.

18.     Midland denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

In response to the paragraph beginning "WHEREFORE" and located after Paragraph 18, Midland denies that Plaintiff is entitled to a judgment in his favor, statutory damages, attorney's

fees, costs, post-judgment interest, or any other relief whatsoever and demand strict proof thereof.

**COUNT II**

**VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)/TEXAS BUSINESS CODE ANN. § 305.053**

19.     Midland adopts and realleges each and every response in this answer as if fully set out herein.

20.     Midland denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

In response to the paragraph beginning "WHEREFORE" and located after Paragraph 20, Midland denies that Plaintiff is entitled to a judgment in his favor, statutory damages, costs, post-judgment interest, or any other relief whatsoever and demand strict proof thereof.

**DEMAND FOR TRIAL BY JURY**

Midland admits that Plaintiff has requested a trial by jury, however, Midland denies that Plaintiff should be entitled to a jury trial as Midland has not committed any violation of the TCPA, FDCPA, or state law.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

To the extent Plaintiff has entered into an arbitration agreement covering his claims against Midland, Plaintiff's claims against Midland are subject to arbitration.

**SECOND DEFENSE**

Plaintiff's claims against Midland fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

To the extent Plaintiff's claims against Midland relate to conduct beyond the applicable statute of limitations, they are barred.

## FOURTH DEFENSE

Plaintiff's claims against Midland are barred by the doctrines of judicial estoppel, collateral estoppel and *res judicata*.

## FIFTH DEFENSE

The claims asserted by Plaintiff against Midland are barred by any bankruptcy case filed by Plaintiff, based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release.  Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lacks standing to pursue the causes of action.

## SIXTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Midland denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Midland.

## SEVENTH DEFENSE

Plaintiff's injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which Midland had no responsibility or control and for which Midland may not be held liable.

## EIGHTH DEFENSE

Plaintiff's claims against Midland are barred, in whole or in part, by the doctrines of recoupment and/or set-off.

## NINTH DEFENSE

Any violation of the law, which Midland denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## TENTH DEFENSE

Plaintiff's claims must fail because Midland had a preexisting relationship with Plaintiff prior to the alleged calls.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim under the TCPA because any alleged calls made by Midland were not made for the purpose of solicitation.

## SECOND DEFENSE

Midland 's conduct was in good faith and in conformity with the applicable rules, regulations and statutory interpretations.

## THIRD DEFENSE

Plaintiff's claims must fail to the extent that Plaintiff failed to mitigate damages, if any.

## FOURTH DEFENSE

Plaintiff's claims under the TCPA are barred because Plaintiff gave consent to Midland to contact him using an automatic telephone dialing system and/or at the subject telephone number(s) and failed to withdraw said consent.

## FIFTH DEFENSE

Midland did not use a device with the capacity to dial numbers randomly or sequentially using a "number generator" and, hence, did not use an ATDS in violation of the TCPA.

### SIXTH DEFENSE

Midland did not willfully or knowingly contact Plaintiff on his cellular phone regarding the subject account(s) in violation of the TCPA.

### SEVENTH DEFENSE

Midland 's conduct is privileged by the doctrine of acquiescence because Plaintiff failed to communicate, or give Midland reason to know, that the conduct complained of in the Complaint was unwelcome prior to or during the conduct.

### ELEVENTH DEFENSE

The imposition of statutory damages under the TCPA against Midland would violate the due process provisions of the United States Constitution and/or the Texas State Constitution.

### TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel (including collateral estoppel and judicial estoppel), release, consent, ratification, acquiescence, novation, and/or unclean hands.

### RESERVATION OF DEFENSES

Midland reserves the right to assert additional defenses as discovery progresses in this case.  To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted this 22nd day of May, 2014.

s/ Reid S. Manley
Reid S. Manley
Texas Bar No. 24047520
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com

Attorney for Defendant
MIDLAND CREDIT MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 22nd day of May, 2014:

David E. Mack
7720 McCallum Boulevard, #2099
Dallas, Texas 75252
Telephone:     (972) 735-9642
Email: mack2001@swbell.com

s/ Reid S. Manley
OF COUNSEL