## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **CIVIL ACTION NO. 4:14-cv-00265-ALM** |
| **MIDLAND CREDIT MANAGEMENT,** | ) |
| **INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

**COMES NOW** defendant Midland Credit Management, Inc. ("Midland"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(c), hereby files this Motion for Judgment on the Pleadings.  In support of its Motion, Midland states as follows:

## I. INTRODUCTION

Plaintiff's Amended Complaint ("Complaint") must be dismissed, pursuant to Fed. R. Civ. P. 12(c), because it is barred by doctrine of *res judicata* and the rule against claim-splitting. Plaintiff's Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), Telephone Consumer Protection Act ("TCPA"), and state law based on a single alleged phone call.  Before filing the instant lawsuit, Plaintiff filed a complaint against Midland that was virtually identical to this Complaint and was also based on a single phone call.[1]  In the prior

---

[1] Since filing the first lawsuit and the present action, Plaintiff has filed **two additional, virtually identical** lawsuits based on a single phone call.  *See Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00414-DBB, Doc. 4; *Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00481-DDB, Doc. 5.  Plaintiff has also filed two additional lawsuits against Midland and, while Midland has not been served, it expects that these lawsuits are also based on a single alleged phone call.  *See Mack v. Midland Credit Management, Inc.*, 32-SC-14-00222 (Collin County, Tex. Justice Ct. July 15, 2014); *Mack v. Midland Credit Management, Inc.*, 32-SC-14-00275 (Collin County, Tex. Justice Ct. Aug. 21, 2014).

lawsuit, Midland served an Offer of Judgment Pursuant to Rule 68 of the Federal Rules of Civil Procedure, which Plaintiff accepted, and judgment was entered on July 3, 2014.   As such, Plaintiff suffered a substantive defeat in a court of competent jurisdiction -- the U.S. District Court for the Eastern District of Texas -- relating to issues involved in the same transaction or occurrence that forms the foundation of the instant lawsuit.  The doctrine of *res judicata* requires this Court to respect the decision of its sister court and prohibits Plaintiff from asserting claims that should have been raised in the prior lawsuit.  Therefore, it is abundantly clear that Plaintiff is barred from proceeding with the instant lawsuit.

Additionally, Plaintiff's claims are barred by the rule against claim-splitting.   Three weeks before initiating the instant lawsuit in Collin County Justice Court, Plaintiff filed a virtually identical lawsuit in the same court which was also based on a single phone call that allegedly occurred **only three days** before the phone call at issue in this case.  Less than three months after filing the instant lawsuit, Plaintiff filed two additional, virtually identical lawsuits in the same court which were also based on a single phone call that occurred **within the same week** as the phone call at issue in this case.  Without question, Plaintiff knew of **all four** phone calls at the time he filed the first lawsuit.  Plaintiff's attempt to avoid a statutory cap on damages under the FDCPA and harass Midland is a complete waste of judicial resources.  Moreover, Plaintiff's Complaint must be dismissed because his claims could--and should--have been brought in one action.  Accordingly, Plaintiff's Complaint must be dismissed in its entirety.

---

In an effort to help the Court conserve judicial resources, Midland notifies the Court that it is concurrently filing the same Motion in the other two cases that Plaintiff filed against Midland.  The cases are *Mack v. Midland Credit Management, Inc.*, Case No. 4:2014-cv-00414, and *Mack v. Midland Credit Management, Inc.*, Case No. 4:2014-cv-00481, which are pending before Judge Schell.

## II. <u>STATEMENT OF THE ISSUES</u>

Pursuant to Local Rule 7(a)(1), the issue before this Court is whether Midland is entitled to judgment on the pleadings because a court of competent jurisdiction entered a final judgment on the merits addressing the same causes of action alleged in the present lawsuit and because Plaintiffs' claims are improperly split.

## III. <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

### A.    <u>The Prior Lawsuit.</u>

1.    Before filing the present action, on March 14, 2014, Plaintiff filed a **<u>virtually identical</u>** petition in the Collin County Justice Court.  (*See Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00200-RAS-DDB, Doc. 3.)  In the first lawsuit, Plaintiff also filed an amended complaint asserting violations of the FDCPA, TCPA, and state law based on a single phone call.  (*See Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00200-RAS-DDB, Doc. 5.  A copy of Plaintiff's Amended Complaint is attached hereto as Exhibit "A.")[2]  The only difference is that Midland allegedly called his wireless phone on November 29, 2013 and **<u>at a different time</u>**.  (*See id.* at ¶ 16.)

2.    On April 3, 2014, Midland filed a notice of removal removing the action to the U.S. District Court for the Eastern District of Texas.  (*See Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00200-RAS-DDB, Doc. 1.)

3.    On April 22, 2014, Midland served an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure.  (*See Mack v. Midland Credit Management, Inc.*, Case No.

---

[2] The Court is permitted to take judicial notice of court filings, which are a matter of public record, and consider them without converting Midland's motion to dismiss into a motion for summary judgment. *See Van Duzer v. U.S. Bank Nat'l Ass'n*, --- F. Supp. 2d ---, 2014 WL 357878, at *4 (S.D. Tex. Jan. 31, 2014).

Case 4:14-cv-00265-RC-ALM   Document 13   Filed 08/26/14   Page 4 of 18 PageID #:  55

4:14-cv-00200-RAS-DDB, Doc. 6-1.  A copy of the Offer of Judgment is attached hereto as Exhibit "B.")

4.       Plaintiff accepted the Offer of Judgment, and Judgment was entered on July 3, 2014.  (*See Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00200-RAS-DDB, Doc. 11.  A copy of the Judgment is attached hereto as Exhibit "C.")

      **B.**      <u>Factual Allegations and Procedural History of the Present Lawsuit.</u>

5.       On April 7, 2014, Plaintiff filed a Petition against Midland in the Collin County, Texas Justice Court alleging violations of the FDCPA, TCPA, and Texas law.  (*See* Doc. 3, Compl.)

6.       On April 29, 2014, Midland filed a Notice of Removal removing the action to this Court.  (*See* Doc. 1.)

7.       On May 2, 2014, Plaintiff filed his First Amended Complaint alleging violations of the TCPA, FDCPA, and Texas law based on a single call allegedly made to his cell phone.  (*See* Doc. 6.)

8.       Plaintiff's Complaint asserts violations of sections 1692d(6) and 1692e(11) of the FDCPA for failing to identify who was calling Plaintiff and failing to identify the purpose of the call.  (*See id.* at ¶¶ 15-16.)  Plaintiff also alleges that Midland violated the TCPA and § 305.053 of the Texas Business Code by calling his cell phone number using an automatic telephone dialing system without his prior consent.  (*See id.*)  Plaintiff alleges that he received a call on his wireless phone on December 2, 2013.  (*See id.*)

9.       As relief, Plaintiff requested statutory damages, costs, and attorney's fees in the amount of $1,525.00.  (*See* Doc. 3.)

21124753 v1                                                      4

# IV. <u>STANDARD OF REVIEW</u>

The standard of review for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion.  *See Guidry v. Am. Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  Thus, determining the propriety of granting a motion for judgment on the pleadings requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  *See Cent. Laborers' Pension Fund v. Integrated Elec. Servs., Inc.*, 497 F.3d 546, 550 (5th Cir. 2007); *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" a formulaic recitation of the elements of a cause will not do.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The Supreme Court has recently stated that Rule 8 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937 (2009) (citing *Twombly*, 550 U.S. at 555)[3].  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).  Facts that are merely consistent with the plaintiff's legal theory will not suffice when, without some further factual enhancement they stop short of the line

---

[3] While the *Twombly* and *Iqbal* standard was articulated in connection with determining the validity of a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the same standard applies when considering a motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c).  *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) ("A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).").  In fact, the Fifth Circuit even quotes the language of *Twombly* when considering whether to grant a Rule 12(c) motion.  *See id.*

between possibility and plausibility of entitlement to relief." *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 258 n.9 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 557).   As noted by the Supreme Court, Plaintiff must "nudge[] [his] claims across the line from conceivable to plausible, [otherwise, his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## V. ARGUMENT

### A.   Plaintiff's Claims Are Barred by the Doctrine of *Res Judicata* and Must Be Dismissed.

The doctrine of *res judicata* bars Plaintiff's claims and requires the dismissal of his lawsuit.  When a federal court is asked to give *res judicata* effect to a federal court judgment, it is required to apply federal law.  *See Cuauhtil v. Chase Home Fin., LLC.*, 308 F. App'x 772, 773 (5th Cir. 2009) (citing *Bradley v. Armstrong Rubber Co.*, 130 F.3d 168, 179 (5th Cir. 1997)); *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 715 (5th Cir. 1975 ("Federal law clearly governs the question whether a prior federal court judgment based on federal question jurisdiction is *res judicata* in a case also brought . . . under federal question jurisdiction.").   Because Midland is attempting to utilize a decision of the U.S. District Court for the Eastern District of Texas to bar further litigation, federal law on *res judicata* controls.   Under federal law, *res judicata* requires: (1) identical parties; (2) jurisdiction for the prior judgment; (3) a final judgment on the merits; and (4) the same cause of action.  *See Cuauhtil*, 308 F. App'x at 773.   In the instant case, each element of the doctrine of *res judicata* is satisfied and Plaintiff's claims should be barred.

#### 1.   Identical Parties.

The parties in this case are identical to those in the prior lawsuit.  Here, Plaintiff filed suit against Midland, who was the named defendant in the prior action.  Thus, the first element of *res judicata* is satisfied.

### 2.        Jurisdiction for the Prior Judgment.

The prior lawsuit was properly removed to the U.S. District Court for the Eastern District of Texas and, thus, the court had jurisdiction to render a judgment in the prior lawsuit.  Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Because Plaintiff asserted claims against Midland based upon alleged violations of the FDCPA and TCPA, which are federal consumer protection statutes, Plaintiff's action was a civil action arising under the Constitution, laws, or treaties of the United States.  *See* 47 U.S.C. § 227; 15 U.S.C. §§ 1692 *et seq.*  Accordingly, Plaintiff's TCPA and FDCPA claims arise under the laws of the United States and could have been originally filed in federal court.  *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753 (2012) (holding that the Eleventh Circuit Court of Appeals erred in dismissing Plaintiff's TCPA claims for lack of federal subject matter jurisdiction because Federal courts have § 1331 jurisdiction over claims that arise under federal law and the Plaintiff's TCPA claims arise under federal law); *Stewart v. Alonzo*, No. C-08-347, 2009 WL 174938, at *1 (S.D. Tex. Jan. 26, 2009) (finding court had jurisdiction over FDCPA claims pursuant to 28 U.S.C. § 1331).  The U.S. District Court for the Eastern District of Texas, therefore, had jurisdiction to enter the judgment on Plaintiff's TCPA and FDCPA claims.

Additionally, the court had jurisdiction to render a judgment on Plaintiff's state law claim.  Plaintiff asserted a violation of Texas Business Code Ann. § 305.053, which is coextensive with the TCPA.  The court exercise supplemental jurisdiction over Plaintiff's Texas state law claim because the claim formed part of the same case or controversy as Plaintiff's alleged TCPA and

FDCPA violations. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

In the instant case, Plaintiff's Texas state law claim is related to the conduct that forms the basis for Plaintiff's TCPA and FDCPA claims.  Thus, it is clear that Plaintiff's state law claim in this case is "so related to claims in the action within [the court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a); *see also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .").  Moreover, Plaintiff's state law claim does not raise novel or complex issues of law, does not predominate over Plaintiff's demand for relief under the TCPA and FDCPA, and arises from the same transaction or occurrence.  *See id.* (citing 28 U.S.C. § 1367(c)).  It was therefore proper for the court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

### 3.    A Final Judgment on the Merits.

Plaintiff's acceptance of the offer of judgment amounts to a prior judgment rendered on the merits.  Courts in several circuits have held that a judgment entered pursuant to Rule 68 of the Federal Rules of Civil Procedure constitutes a final judgment for the purposes of *res judicata*. *See, e.g.*, *M.J. ex rel. Beebe v. United States*, 721 F.3d 1079, 1083 n.4 (9th Cir. 2013); *Banks v. Int'l Union Elec., Elec., Technical, Salaried, & Mach. Workers*, 390 F.3d 1049 (8th Cir. 2004);

*Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002).   Thus, the requirement that the prior judgment be rendered on the merits has been satisfied.

### 4.      The Same Cause of Action.

The instant federal court lawsuit and the prior lawsuit involved the same causes of action because Plaintiff's FDCPA and TCPA claims against Midland arose from the same nucleus of operative fact, and could--and should--have been brought in the prior lawsuit.[4]   To determine whether the same cause of action element is met, the Fifth Circuit applies the Restatement (Second) of Judgment's transactional test and requires that the two actions be based on the "same nucleus of operative fact."   *See Eubanks v. FDIC*, 977 F.2d 166, 171 (5th Cir. 1992).   "The rule is that res judicata 'bars all claims that were or **could have been** advanced in support of the cause of action on the occasion of its former adjudication.'"   *Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (citation omitted).   As explained below, Plaintiff's FDCPA and TCPA claims involve the same cause of action.

---

[4] Plaintiff's Amended Complaint alleges violations of both the TCPA and Texas Business Code § 305.053.   The Texas Business Code provides that "[a] person who receives a communication that violates 47 U.S.C. § 227 . . . may bring an action in this state against the person who originates the communication."   *See* Tex. Bus. Code § 305.053(a).   Thus, the alleged conduct that forms the basis for Plaintiff's Texas Business Code claim is the same alleged conduct that forms the basis for his TCPA claim.

Additionally, the *Masters* court recently determined that a plaintiff is not entitled to double recovery under both the TCPA and Texas Business Code § 305.053 for a single violation. *See v. Wells Fargo Bank S. Cent., N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492, at *3 (W.D. Tex. July 11, 2013).   The court said that "[t]here is no indication in either the TCPA or in Texas's analogue that either legislative body intended to allow double recovery under both state and federal law for the same TCPA violations."   *See id.*   Rather, federal and state courts have concurrent jurisdiction over TCPA claims, and the Texas statute was adopted to allow Texas citizens to enforce TCPA violations in a state forum.   *See id.* (citing *Mims v. Arrow Fin. Servs., LLC*, --- U.S. ---, 132 S. Ct. 740, 747 (2012)).   In other words, "plaintiffs have a choice of forum rather than two separate avenues for recovery."   *See id.*

### a.      Plaintiff's FDCPA Claim Involves the Same Cause of Action.

In both lawsuits, Plaintiff alleged that Midland violated the FDCPA when it failed to identify the caller and the purpose of the call during a single phone call.  While there is no case law in the Fifth Circuit discussing the application of *res judicata* principles to FDCPA claims based on separate phone calls, courts in sister circuits have found a plaintiff cannot bring separate lawsuits based on separate telephone calls made and messages left by the same defendant for the same plaintiff because such calls arise from the same nucleus of operative fact.  Rather, causes of action arising from such phone calls or messages must be brought in the same action, and bringing separate lawsuits for each call or message would have a preclusive effect.  *See Beeders v. Gulf Coast Collection Bureau*, 632 F. Supp. 2d 1125 (M.D. Fla. 2009); *Cohen v. Am. Credit Bureau, Inc.*, No. 10-5112 (WJM), 2012 WL 84729, at *10 (D.N.J. Mar. 13, 2012).

In *Beeders v. Gulf Coast Collection Bureau*, the plaintiff filed ten separate lawsuits each relating to one of ten telephone messages left by the defendant over the course of several months.  632 F. Supp. 2d 1125.  Each complaint alleged that the defendant violated § 1692d(6) by failing to meaningfully identify the caller.  *See id.*  To determine damages under the FDCPA, the *Beeders* court was required "to consider the frequency and persistence of the debt collector's noncompliance with the statute, the nature of the non-compliance, and to what extent the non-compliance was intentional," which included considering "other calls/telephone messages to determine the frequency and persistence of defendant's alleged non-compliance."  *See id.* at 1128 (citing 15 U.S.C. § 1692k(b)(1).  The court said that:

> [t]o sustain a cause of action under the FDCPA for any one call . . . the court must address the facts of each of the ten calls/telephone messages, including the date of each message and its contents.  **These facts form a nucleus of operative fact that is identical in each suit.  The litigation of any one of these claims would have claim preclusive effect of the other cases.  These claims, which seek the same remedy and share the same nucleus of operative fact, are parts of the**

**same cause of action and, therefore, should be joined in the same suit as separate claims within the same cause of action.**

*Id.* at 1129 (emphasis added).  The court also found that all of the calls occurred before the first suit was filed, and, thus, an action based on one message would bar the others under claim preclusion because they were duplicative.  *Id.* (citing *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (stating "a suit is duplicative of another suit if the parties, issues, and available relief do not significantly differ between the two actions")).  Further, the *Beeders* court held that recovery of statutory damages under 15 U.S.C. § 1692k(b)(2) is limited to $1,000.00 **per action** and a plaintiff is not eligible to recover $1,000.00 **per violation**.  Thus, all of the plaintiff's FDCPA claims based on phone messages had to be joined in a single action.  *Id.*

Relying on *Beeders*, the court in *Cohen v. American Credit Bureau, Inc.* found that claims asserted in separate lawsuits filed in succession and based on a single message left on a plaintiff's answering machine would be given preclusive effect.  No. 10-5112 (WJM), 2012 WL 84729, at *10 (D.N.J. Mar. 13, 2012).  In *Cohen*, plaintiff filed suit alleging violations of the FDCPA, and while the complaint referenced fifteen separate violations, plaintiff attempted to limit her claim to just one based on the theory that she could bring a separate lawsuit for each violation based on each phone message.  *Id.* at *2.  The *Cohen* court found "that withholding already accrued violations and bringing separate lawsuits *seriatim* would also violate the entire controversy doctrine," which is "a preclusionary principle intended to avoid the fractionalization of litigation by requiring joinder in a single action of all claims between the same parties arising out of the same circumstances."  *Id.* at *11.

Here, there is no question Plaintiff's current FDCPA claims arise from the same nucleus of operative fact as the previous claims and should have been brought in one action.  Plaintiff

filed the first lawsuit only three weeks before filing the instant lawsuit, and his FDCPA claims were based on calls made on November 29, 2013 and December 2, 2013, respectively.   As Plaintiff's first lawsuit was filed on March 14, 2014, Plaintiff was clearly aware of his claims but, instead, deliberately chose to bring them separately.   As explained by the *Beeders* and *Cohen* courts, such litigation strategy is prohibited.   Moreover, Plaintiff's amended complaint in the first action contains virtually identical allegations and requests the same relief.   In support of his FDCPA claim, Plaintiff alleges that:

- On December 2, 2013 at 8:43 AM Midland called Plaintiff's wireless phone number [XXX]-[XXX]-[XXXX] from 800-237-0512. . . . The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's failure to disclose the identity of the caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6) and § 1692e(11).

(*See* Doc. 6, ¶ 16.)   Plaintiff alleged the following in support of his FDCPA claim in his first lawsuit:

- On November 29, 2013 at 9:35 AM Midland called Plaintiff's wireless phone number [XXX]-[XXX]-[XXXX] from 800-237-0512. . . . The caller failed to identify who was calling the Plaintiff or to identify the purpose of the call. Defendant's failure to disclose the identity of the caller or purpose of its call were violations of 15 U.S.C. § 1692d and/or § 1692d(6).

(*See Mack v. Midland Credit Management, Inc.*, Case No. 4:14-cv-00200-RAS-DDB, Doc. 5, ¶ 16.)   In both cases, Plaintiff requests the same relief: $1,000.00 in statutory damages, attorney's fees and costs, and post-judgment interest.   Because Plaintiff was **<u>required</u>** to bring his FDCPA claims in one lawsuit, his FDCPA claim is barred by the doctrine of *res judicata*.

### b.      Plaintiff's TCPA Claim Involves the Same Cause of Action.

Plaintiff's TCPA claim also involves the same cause of action and is barred by *res judicata*.   The TCPA prohibits calling a cell phone using an automatic telephone dialing system or an artificial or prerecorded voice, unless the call is made for emergency purposes or with prior express consent.   *See* 47 U.S.C. § 227(b)(1)(A)(iii).   The TCPA allows a plaintiff to recover

"actual monetary loss from such violation, or receive up to $500 in damages for each such violation, whichever is greater."  *See* 47 U.S.C. § 227(b)(3)(B).  The TCPA also authorizes treble damages, if the court finds that the defendant willfully or knowingly violated the TCPA.  *See id.* at § 227(b)(3)(C).  Unlike the FDCPA, the TCPA allows a plaintiff to recover statutory damages for each call.

Although the *Beeders* court did not address whether litigating TCPA claims separately would be barred, it held that Florida Consumer Collection Practices Act ("FCCPA") claims based on separate messages must be brought in the same action, even though the statutory recovery was based on an award of $1,000 **per violation**.  In *Beeders*, the plaintiff alleged that the defendant violated § 559.72(7) of the FCCPA, which prohibits "the willful communication with a debtor or debtor's family at a frequency that can be reasonably expected to harass."  *See* 632 F. Supp. 2d at 1129.  The court found that "[t]he facts necessary to maintain the cause of action in any one suit are identical to those necessary to maintain each of the other suits. Because these claims seek the same remedy and share identical facts, they are parts of the same cause of action for purposes of claim preclusion. . . ."  *Id.*

Here, there is no question the TCPA claims asserted in the prior lawsuit arise from the same nucleus of operative fact as the claims asserted in the present case.  Plaintiff will be required to prove the same set of facts to support his TCPA claim as those needed to support his TCPA claim in the prior lawsuit.  Even if Plaintiff could recover for each alleged violation (though he cannot), the fact that the TCPA authorizes an award based on each call does not allow Plaintiff to bring separate lawsuits based on each call.  Thus, Plaintiff's TCPA claim is barred by the doctrine of *res judicata*.

**B.**     **Plaintiff's Claims Are Barred by the Rule Against Claim-Splitting and Must Be Dismissed.**

Plaintiff's Amended Complaint must also be dismissed for the additional reason that the rule against claim splitting prevents Plaintiff from maintaining two (or more) separate lawsuits against Midland arising from the same cause of action.   The rule against claim-splitting bars "a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action."  *See Ameritox, Ltd. v. Aegis Scis. Corp.*, No. 3:08-CV-1168-D, 2009 WL 305874, at *4 (N.D. Tex. Feb. 9, 2009) (citing *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008)).   In other words, "the second suit will be barred if the claim involves the same parties and arises out of the same transaction or series of transactions as the first claim." *Id.* (citing *Sensormatic Sec. Corp.*, 273 F. App'x at 265; *FDIC v. Nelson*, No. 93-1590, 1994 WL 93409, at *2 n.5 (5th Cir. Mar. 15, 1994) (holding that Fifth Circuit applies the "'same transaction' test, i.e., whether the earlier and later claims are 'based on the same nucleus of operative fact" to determine whether a claim has been split)).

Although the analysis is similar to the *res judicata* analysis, the rule against claim-splitting does not require that a prior judgment be entered.  *See Ameritox, Ltd.*, 2009 WL 305874, at *5 (collecting cases); *see also Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011); *Brady v. UBS Fin. Serv., Inc.*, 538 F.3d 1319, 1327 n.10 ("The first suit need not reach final judgment before a motion to dismiss based on improper-claim splitting can be granted.").  As explained by the Tenth Circuit:

> To be sure, claim splitting and res judicata both serve the same interests of promoting judicial economy and shielding parties from vexatious concurrent or duplicative litigation.   But claim splitting is more concerned with the district court's comprehensive management of its docket, whereas res judicata focuses on protecting the finality of judgments.

*Katz*, 655 F.3d at 1218.  Thus, "where a plaintiff files two cases in the same court involving the same subject matter, seeking the same claims for relief against the same defendants," the second lawsuit must be dismissed.  *Id.* (affirming dismissal of second lawsuit for claim-splitting where parties and claims were the same).  Additionally, a court's decision to dismiss a case based on claim-splitting is reviewed for abuse of discretion.  *Compare Ameritox, Ltd.*, 2009 WL 305874, at *5 *and Hartsel Springs*, 296 F.3d 982, 985 (10th Cir. 2002) (reviewing dismissal for claim splitting for abuse of discretion) *with Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (reviewing application of res judicata de novo).

Here, there is no question Plaintiff filed lawsuits in the same court, involving the same subject matter and seeking the same relief from Midland.  As explained above, the allegations against Midland and the relief sought in Plaintiff's Amended Complaint in this lawsuit is virtually identical to the allegations in the prior lawsuit.  The only real difference is the date and time of the calls.  Thus, Plaintiff's claims arise from the same nucleus of operative fact and his claims are improperly split.

Further, Plaintiff's litigation strategy is no different from that in *Beeders* and *Cohen*.  By filing separate lawsuits based on a single call that Midland allegedly made to Plaintiff's cell phone, Plaintiff seeks to bring his claims piecemeal to avoid the $1,000 statutory cap on damages under the FDCPA.  Plaintiff's vexatious litigation strategy harasses Midland and causes it to incur unnecessary expenses by litigating each claim separately.  Significantly, Plaintiff's duplicative lawsuits waste limited judicial resources.  Although Plaintiff is *pro se*, he is not permitted to bring meritless litigation.[5]  *See Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 900 (5th Cir. 2009) ("It is well-settled that a plaintiff's *pro se* status does not give him a 'license

---

[5] Plaintiff has a history of filing lawsuits against various defendants and has filed **over thirty in the last three years.**  (*See* Exhibit "D" attached.)

to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" (quoting *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir.1986))).  Accordingly, Plaintiff's Complaint must be dismissed in its entirety.

### C.     The Court Should Enjoin Plaintiff from Filing Additional Lawsuits Against Midland Based on Phone Calls Made Before March 14, 2014.

Midland has reason to believe Plaintiff will continue to file lawsuits alleging violations of the FDCPA and TCPA based on a single alleged phone call and, therefore, requests that the Court issue an injunction barring Plaintiff from filing future lawsuits based phone calls made before the date Plaintiff filed his first lawsuit against Midland, March 14, 2014.  The Court has the authority "to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation."  *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) (citing *Farguson*, 808 F.2d at 360 (recognizing the district court's inherent power to protect its jurisdiction and judgments and to control its own dockets); *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986) (holding district court may impose a pre-filing injunction, which would bar a litigant from filing any additional actions without first obtaining leave from the district court to deter vexatious filings)).  To determine whether to impose a pre-filing injunction, courts should consider the following four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)).  A pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants."  *See Farguson*, 808 F.2d at 360 (upholding injunction that barred

plaintiff from filing further actions based on any matter set forth in complaint because it was "specific and limited" in that it related "only to the same claims against the same defendants").

Plaintiff filed **four virtually identical lawsuits** based on the same legal theories and same set of facts.  Plaintiff's vexatious litigation strategy has unnecessarily increased Midland's litigation costs in an effort to harass Midland.  Significantly, Plaintiff's duplicative lawsuits waste limited judicial resources and clog the Court's dockets.  There is no real question that Plaintiff's claims could -- and should--have been brought in one lawsuit.  This Court and its sister courts should not have to consider and adjudicate Plaintiff's claims over and over.  Accordingly, the Court should issue an injunction barring Plaintiff from filing further lawsuits alleging violations of the FDCPA and TCPA, and arising from alleged phone calls made before March 14, 2014.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Complaint is barred by the doctrine of *res judicata* and the rule against claim splitting and, therefore, must be dismissed.  Additionally, the Court should issue an injunction barring future FDCPA and TCPA claims filed by Plaintiff against Midland based on alleged phone calls made before March 14, 2014.

**WHEREFORE, PREMISES CONSIDERED**, Midland respectfully requests that this Court issue an Order dismissing Plaintiff's Complaint in its entirety, with prejudice.  Midland further requests that this Court issue an Order enjoining Plaintiff from filing future lawsuits against Midland alleging violations of the FDCPA and TCPA based on alleged phone calls made before March 14, 2014.

Respectfully submitted this 26th day of August, 2014.

> s/ Reid S. Manley
> Reid S. Manley
> Texas Bar No. 24047520
> BURR & FORMAN LLP
> 420 North 20th Street, Suite 3400

Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
rmanley@burr.com

Attorney for Defendant
MIDLAND CREDIT MANAGEMENT, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on the following by Electronic Filing, and/or by U.S. First Class Mail, hand delivery, fax or email on this 26th day of August, 2014:

David E. Mack
7720 McCallum Boulevard, #2099
Dallas, Texas 75252
Telephone:     (972) 735-9642
Email: mack2001@swbell.com

s/ Reid S. Manley
OF COUNSEL